**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION**

| | |
|---|---|
| MICHAEL STUART, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 4:25-CV-00309 HEA |
| ) | |
| TREVOR FOLEY, ) | |
| ) | |
| Defendant. ) | |

**OPINION, MEMORANDUM AND ORDER**

This matter is before the Court on the motion of self-represented plaintiff Michael W. Stuart, Jr. (No. 187974), an inmate at Missouri Eastern Correctional Center (MECC), for leave to commence this civil rights action pursuant to 42 U.S.C. § 1983 without prepayment of the required filing fee. [ECF No. 2]. Having reviewed the motion and the financial information submitted in support, the Court will grant the motion and assess an initial partial filing fee of $1.00. *See* 28 U.S.C. § 1915(a)(1). Additionally, the Court has reviewed the complaint and will dismiss it pursuant to 28 U.S.C. § 1915(e)(2)(B).

**28 U.S.C. § 1915(b)(1)**

Pursuant to 28 U.S.C. § 1915(b)(1), a prisoner bringing a civil action in forma pauperis is required to pay the full amount of the filing fee. If the prisoner has insufficient funds in his or her prison account to pay the entire fee, the Court must assess and, when funds exist, collect an initial partial filing fee of 20 percent of the greater of (1) the average monthly deposits in the prisoner's account, or (2) the average monthly balance in the prisoner's account for the prior six-month period. After payment of the initial partial filing fee, the prisoner is required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account. 28 U.S.C. § 1915(b)(2). The agency having custody of the prisoner will forward these monthly

payments to the Clerk of Court each time the amount in the prisoner's account exceeds $10, until the filing fee is fully paid. *Id.*

Plaintiff has not submitted a prison account statement. As a result, the Court will require plaintiff to pay an initial partial filing fee of $1.00. *See Henderson v. Norris*, 129 F.3d 481, 484 (8th Cir. 1997) (when a prisoner is unable to provide the Court with a certified copy of his prison account statement, the Court should assess an amount "that is reasonable, based on whatever information the court has about the prisoner's finances."). If plaintiff is unable to pay the initial partial filing fee, he must submit a copy of his prison account statement in support of his claim.

**Legal Standard on Initial Review**

Under 28 U.S.C. § 1915(e)(2), the Court is required to dismiss a complaint filed in forma pauperis if it is frivolous, malicious, or fails to state a claim upon which relief may be granted. An action is frivolous if it "lacks an arguable basis in either law or fact." *Neitzke v. Williams*, 490 U.S. 319, 328 (1989). An action fails to state a claim upon which relief may be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Determining whether a complaint states a plausible claim for relief is a context-specific task that requires the reviewing court to draw upon judicial experience and common sense. *Id*. at 679.  The court must assume the veracity of well-pleaded facts but need not accept as true "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Id.* at 678 (citing *Twombly*, 550 U.S. at 555).

This Court must liberally construe complaints filed by laypeople. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). This means that "if the essence of an allegation is discernible," the court should "construe the complaint in a way that permits the layperson's claim to be considered within the proper legal framework." *Solomon v. Petray*, 795 F.3d 777, 787 (8th Cir. 2015) (quoting *Stone v. Harry*, 364 F.3d 912, 914 (8th Cir. 2004)). However, even self-represented complaints must allege facts which, if true, state a claim for relief as a matter of law. *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980). Federal courts are not required to assume facts that are not alleged, *Stone*, 364 F.3d at 914-15, nor are they required to interpret procedural rules in order to excuse mistakes by those who proceed without counsel. *See McNeil v. United States*, 508 U.S. 106, 113 (1993).

## The Complaint

Plaintiff Michael W. Stuart, Jr., an inmate currently incarcerated at MECC, brings this action pursuant to 42 U.S.C. § 1983 against Trevor Foley, the Acting Director of the Missouri Department of Corrections (MDOC). He sues Foley in his official capacity.

Plaintiff asserts that in 2016, he was convicted on state charges of "distribution and resisting." [ECF No. 1]. He alleges that he filed an appeal of his conviction, and the case was reversed and remanded to the Circuit Court.[1] Plaintiff states that he "came back" and the judge

---

[1] Plaintiff has not designated his state court case number to which he refers. The Court has reviewed Missouri Case.Net and could not find one case reflecting the facts as outlined by plaintiff in his complaint. In *State v. Stuart*, No. 16BB-CR00101-03 (12th Jud. Cir., Warren County Court), plaintiff was charged with distribution of a controlled substance in February of 2016, and he plead guilty to the charges on March 24, 2020. Plaintiff was sentenced to six years Suspended Execution of Sentence (SES) on that same date and given supervised probation. However, his probation was revoked on May 26, 2022, and his six-year sentence was ordered executed, with credit for time served. In *State v. Stuart*, No. 15BB-CR00763-03 (12th Jud. Cir., Warren County Court), plaintiff was charged with resisting arrest in October of 2015, and he plead guilty to the charges on March 24, 2020. Plaintiff was sentenced to seven years Suspended Execution of Sentence (SES) on that same date and given supervised probation. However, his

3

ordered all previous jail time and Department of Corrections time to be credited on his sentence. Nonetheless, plaintiff claims that the MDOC has told him that the Court lacks jurisdiction to grant time credit because it is an "admin function."

Plaintiff argues that the time he spent in prison prior to appealing his sentence should be credited because "it is the same sentence." Plaintiff seeks an order from this Court requiring the Missouri Department of Corrections to give him credit for time spent in prior to reversal and remand from the appellate court. Although not entirely clear, it appears plaintiff is seeking release from confinement.[2]

## Discussion

Having carefully reviewed the complaint, the Court concludes that plaintiff's claims against defendant Trevor Foley in his official capacity must be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B).

Plaintiff specifically sues defendant Trevor Foley, the Acting Director of MDOC, in his official capacity. His claims against Foley will be dismissed because they are not cognizable under § 1983. Foley is employed by the MDOC, a state agency. Naming a government official in his or her official capacity is the equivalent of naming the government entity that employs the official, in this case the State of Missouri. *Will v. Michigan Dept. of State Police*, 491 U.S. 58, 71

---

probation was revoked on May 26, 2022, and his seven-year sentence was ordered executed, with credit for time served. In *State v. Stuart*, No. 21BB-CR00612 (12th Jud. Cir., Warren County Court), plaintiff was charged with felony harassment in the first degree in July of 2021, and he plead guilty to the charge on November 17, 2023. Plaintiff was sentenced on that same date to five years imprisonment as a prior and persistent offender.

[2]To the extent plaintiff is seeking immediate release from confinement he should file an application for writ of habeas corpus brought pursuant to 28 U.S.C. § 2254. If he is merely contesting the execution of his sentence, the appropriate action is under 28 U.S.C. § 2241.

(1989). *See also Kelly v. City of Omaha, Neb.*, 813 F.3d 1070, 1075 (8th Cir. 2016) (stating a "plaintiff who sues public employees in their official, rather than individual, capacities sues only the public employer"); *Elder-Keep v. Aksamit*, 460 F.3d 979, 986 (8th Cir. 2006) (stating a "suit against a public official in his official capacity is actually a suit against the entity for which the official is an agent"). "[N]either a State nor its officials acting in their official capacities are 'persons' under § 1983." *Id. See also Kruger v. Nebraska*, 820 F.3d 295, 301 (8th Cir. 2016) ("a state is not a person for purposes of a claim for money damages under § 1983"). *See also Yount v. Long*, No. 4:07-CV-1657-FRB, 2008 WL 5191467, at *2 (E.D. Mo. Dec. 11, 2008) (dismissing claims against parole officers and parole administrators in their official capacities for the reason they are not "persons" under § 1983); *Monroe v. Arkansas State Univ.,* 495 F.3d 591, 594 (8th Cir. 2007) (stating that district court erred in allowing the plaintiff to proceed against state university for injunctive relief, and remanding matter to district court for dismissal).

Moreover, the Eleventh Amendment provides immunity to state officials who are sued in their official capacities. *See In re Sdds*, 97 F.3d 1030, 1035 (8th Cir. 1996). The Eighth Circuit has held that § 1983 does not abrogate the states' Eleventh Amendment immunity. *See Williams v. State of Missouri*, 973 F.2d 599, 600 (8th Cir. 1992) (Congress did not abrogate the states' Eleventh Amendment immunity by enacting 42 U.S.C. § 1983); *Zajrael v. Harmon*, 677 F.3d 353, 355 (8th Cir. 2012) (§ 1983 provides no cause of action against agents of the State acting in their official capacities). As a result, the complaint is subject to dismissal as to defendant Foley in his official capacity pursuant to 28 U.S.C. § 1915(e)(2)(B).

To the extent that plaintiff is attempting to sue defendant Foley in his individual capacity for a denial of parole, he is unable to do so. The right to due process under the Fourteenth

5

Amendment exists only when there is a protected life, liberty or property interest. A liberty interest may arise from the Constitution itself, or from state laws. *Wilkinson v. Austin*, 545 U.S. 209, 221 (2005). In the case at bar, plaintiff's claims fail to identify a liberty interest protected by due process. The Supreme Court has recognized that "an inmate does not have a constitutionally-protected liberty interest in the possibility of parole." *Greenholtz v. Inmates of Nebraska Penal & Corrections*, 442 U.S. 1, 9-11, (1979). Instead, matters pertaining to the parole process are governed by state statute and are therefore matters of state law, without questions of constitutional magnitude.

"The United States Court of Appeals for the Eighth Circuit has held that Missouri's parole statutes 'create no liberty interest' under state law in the parole board's discretionary decisions." *Adams v Agniel*, 405 F.3d 643, 645 (8th Cir. 2005); *Johnson v. Missouri Bd. of Prob. & Parole*, 92 S.W.3d 107, 113-14 (Mo. App. 2002); *Dace v. Mickelson*, 816 F.2d 1277, 1280-81 (8th Cir. 1987). Therefore, a Missouri prisoner's allegations challenging the allegedly unjustified denial of parole does not state a claim under 42 U.S.C. § 1983. *Id.*

Due process protection is only invoked when state procedures which may produce erroneous or unreliable results imperil a protected liberty or property interest. *See Olim v. Wakinekona*, 461 U.S. 238, 250-251 (1983). It is therefore self-evident that, because Missouri prisoners have no federally protected liberty interest in parole, they cannot mount a federal constitutional challenge to any state parole review procedure on procedural, or substantive, due process grounds. Further, even if a parole decision violated state law or the institutional policies and procedures of the MDOC, including plaintiff's claim that the parole officers did not apply the correct state sentencing statute, he has no liberty interest in defendants following such state law,

6

policies or procedures. *See Williams v. Prudden*, No. 2:10-CV-81-AGF, 2011 WL 1533023, at *2 (E.D. Mo. Apr. 21, 2011) (citing *Phillips v. Norris*, 320 F.3d 844, 847 (8th Cir. 2003) (*citing Kennedy v. Blankenship*, 100 F.3d 640, 643 (8th Cir. 1996)); *Wilkins v. Long*, 2009 WL 1851288, *3 (W.D. Mo. June 29, 2009) (citing *Phillips*, 320 F.3d. at 846.

The Court, therefore, concludes plaintiff has failed to state a claim against defendant Foley for a denial of his due process rights.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to proceed in forma pauperis [ECF No. 2] is **GRANTED**.

**IT IS FURTHER ORDERED** that the plaintiff shall pay an initial filing fee of $1.00 within thirty (30) days of the date of this Order. Plaintiff is instructed to make his remittance payable to "Clerk, United States District Court," and to include upon it: (1) his name; (2) his prison registration number; (3) the case number; and (4) that the remittance is for an original proceeding.

**IT IS FURTHER ORDERED** that this case is **DISMISSED** pursuant to 28 U.S.C. § 1915(e)(2)(B).

**IT IS FURTHER ORDERED** that plaintiff's motion for appointment of counsel [ECF No. 3] is **DENIED AS MOOT**.

**IT IS HEREBY CERTIFIED** that an appeal from this dismissal would not be taken in good faith.

An Order of Dismissal will accompany this Memorandum and Order.

Dated this 17th day of March, 2025.

_____
HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE